UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CARPENTER,

    Plaintiff,

File No. 1:10-CV-1192

v.

HON. ROBERT HOLMES BELL

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
    _____/

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action comes before the Court on Defendant Commissioner of Social Security's objections to the Magistrate Judge's January 24, 2012, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner denying Plaintiff's claim for disability insurance benefits be reversed and remanded for a re-evaluation of Plaintiff's ability to perform other work at step five of the sequential process, with special attention given to Plaintiff's limited ability to lift with his left arm. (Dkt. No. 14, R&R; Dkt. No. 15, Obj.) This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant Commissioner objects to the Magistrate Judge's determination that the

ALJ's hypothetical question to the vocational expert did not adequately address Plaintiff's limited ability to use his left arm. The Commissioner contends that the R&R "is deeply flawed because it failed to even acknowledge Dr. Robin Mika's assessment that Plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently – an assessment which the ALJ gave significant weight to, and whose limitations he adopted in full." (Dkt. No. 15, Obj. 2.) Dr. Mika reviewed Plaintiff's medical records on behalf of the Disability Determination Service ("DDS") for purposes of a residual functional capacity assessment. (TR 638-45.) Dr. Mika determined, in part, that Plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently. (TR 639.) The ALJ considered the assessment made by the DDS and determined that it was "substantially supported and largely consistent with the record as a whole, particularly, the conclusion that the claimant is not disabled under the Social Security Act." (TR 19.) The Commissioner contends that, by failing to acknowledge Dr. Mika's opinion, the Magistrate Judge failed to recognize that the ALJ's residual functional capacity finding and the Commissioner's ultimate determination that Plaintiff was not disabled were supported by substantial evidence.

The Commissioner's objection is not well-taken. Although the Magistrate Judge did not mention Dr. Mika by name, Dr. Mika's findings were not ignored. For purposes of his analysis, the Magistrate Judge accepted the ALJ's determination at step four of the sequential process that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently. The problem identified by the Magistrate Judge was at step five of the sequential process

2

when the ALJ determined that Plaintiff was able to perform a significant number of unskilled, light jobs in the national economy. The Magistrate Judge determined that the ALJ's hypothetical question to the vocational expert did not adequately address Plaintiff's limited ability to use his left arm. Dr. Mika's assessment does not speak to Plaintiff's vocational qualifications to perform specific jobs. Plaintiff's objections do not suggest any error in the Magistrate Judge's analysis. The Court agrees with the Magistrate Judge's determination that the hypothetical question did not properly address Plaintiff's particular lifting limitations. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Commissioner's objections to the Magistrate Judge's January 11, 2012, R&R (Dkt. No. 15) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's January 11, 2012, R&R (Dkt. No. 14) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner denying Plaintiff's claim for disability insurance benefits is **REVERSED** and **REMANDED** for a re-evaluation of Plaintiff's ability to perform other work at step five of the sequential process, with special attention given to Plaintiff's limited ability to lift with his left arm.

Dated: February 6, 2012                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE